**Melvin CLIFTON, Plaintiff,**

v.

**Director VELASCO, et al., Defendants.**

No. 03 C 8872.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 17, 2003.

Melvin Clifton, pro se, Tamms, IL, for Plaintiff.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

Melvin Clifton ("Clifton") has tendered a self-prepared 42 U.S.C. § 1983 ("Section 1983") Complaint against three named and three unnamed persons affiliated with the Cook County Department of Corrections ("County Jail"), accompanying his Com-

plaint with a handwritten Motion and Affidavit in Support of Request To Proceed In Forma Pauperis ("Application") and a Motion for Appointment of Counsel using a court-provided form for the latter.[1] This memorandum order will deal in appropriate sequence with the matters required to be addressed at the inception of any lawsuit by a prisoner (Clifton is now in custody at Tamms Correctional Center ("Tamms")).

To begin with, Clifton's Application must be dealt with in accordance with the provisions of 28 U.S.C. § 1915. This Court's scrutiny of the Application and its attached printout from Tamms, itemizing the transactions in Clifton's inmate trust fund account there from May 1 through November 13, 2003, is problematic in several respects, the net result of which calls for denial of the Application:

1. As of the end of the period covered by the printout, Clifton had $168.76 in his trust fund account, which is more than adequate to cover the $150 filing fee applicable to his Section 1983 action. Although neither that end balance nor the existing balances from time to time during the six-month period preceding the current filing would suffice for the payment of counsel fees, so that a lawyer from this District Court's trial bar might well be appointed to represent Clifton if he were to comply with the necessary conditions for obtaining such an appointment (more on that subject later), that does not excuse nonpayment of the filing fee—for which Clifton's funds *are* adequate.

2. Although Clifton's handwritten affidavit checks a "No" answer to the question "Do you own cash, or do you have money in a checking or savings

---

1. Another of Clifton's documents is a handwritten motion to waive the use of court-issued forms for his Complaint. That motion of course poses no problem, and it is granted.

account?" the printout specifically reflects Clifton's May 15, 2003 withdrawal of $150 for deposit to an account at Capaha Bank and four other small withdrawals ($5 each) for like deposit at monthly intervals thereafter, while on October 14 Clifton made two deposits of $50 each to his trust fund account of funds coming from Capaha Savings. It is clear that Clifton has not made full disclosure of his financial situation,[2] and that simply buttresses what was said in the preceding numbered paragraph.

3. Apart from the just-mentioned deposits received from Capaha Savings, about $400 has been deposited into Clifton's trust fund account over the period of the printout (some $50 from his prison payroll receipts and the rest from outside sources).

Accordingly Clifton's Application is denied, he is ordered to pay the $150 filing fee on or before January 19, 2004, and a copy of this memorandum order is being transmitted to the appropriate authorities at Tamms with a direction to remit that amount via check or voucher payable to the "Clerk, United States District Court" and mailed to 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department (clearly identifying Clifton's name and the 03 C 8872 case number assigned to this action).[3]

■ Next to be considered is the precondition that Congress has established for all prisoner litigation such as this action under 42 U.S.C. § 1997e(a):

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Although Ex. A attached to Clifton's Complaint is a photocopy of a Committed Person's Grievance form that he says he filled out on April 17, 2002 and sent on to the County Jail,[4] the difficulty is that after describing the incident that now forms the gravamen of his Complaint Clifton responded to the portion of the form that calls for "Relief Requested" in this fashion:

I ask that this matter be reviewed and I'm paid damages of $500,000 by Captain Anderson.

Clifton alleges that he never received any response to that communication or to several followup letters about it (Complaint Exs. B, C, D and F), and he also attaches copies of communications that he sent to

2. Also on the subject of full disclosure, Clifton represents in Complaint ¶ II.A that he has begun no other lawsuits relating to his imprisonment. But the reason his current action was assigned directly to this Court's calendar under this District Court's procedural rules is that he *did* bring an earlier lawsuit, *Clifton v. More*, No. 97 C 3266, that was assigned at random to this Court's calendar and that this Court then dismissed via a May 15, 1997 memorandum opinion and order.

3. If the trust fund account balance has dipped below $150 during the period of something more than a month since the printout's reported end date of November 13, the amount remitted should be the present balance in the account, with the rest of the $150 to be remitted as soon as the funds are available.

4. This Court has observed that Ex. A has been filled out on the Illinois Department of Corrections' form rather than that provided by the County Jail, but that may be accounted for by the portion of the form that indicates that as of the date he wrote it out (about a month after the date of the complained-of incident) he was at Pontiac Correctional Center, presumably having been transferred from the County Jail. In any event, this Court does not base its current ruling on any notion that Ex. A and the other Complaint Exhibits are somehow questionable—it takes Clifton at his word despite his other problematic assertions identified here.

the Illinois Department of Corrections Administrative Review Board and to Tamms personnel, all of which simply referred him back to the County Jail as the appropriate place to deal with the matter.

Those claimed nonresponses from the County Jail are of course regrettable (common courtesy, if nothing else, would seem to have called for at least some acknowledgment in response). But the asserted use of a grievance form for the sole purpose of requesting a large damages award—something that the institution could not of course provide—can scarcely be viewed as the exhaustion of *administrative* remedies in the sense used in the statute. There is to be sure something anomalous about requiring a prisoner, before he or she can launch a Section 1983 action, to invoke administrative remedies that cannot provide him with the relief that only Section 1983 can supply—but that is the requirement that Congress has expressly created, and this Court is duty bound to follow the congressional mandate.

Accordingly this Court is constrained to dismiss this action because of Clifton's noncompliance with the precondition to suit established by 42 U.S.C. § 1997e(a). This dismissal order is entered with some regret, for if Clifton's allegations are true (something that would have to be assumed if the question were whether he was otherwise able to proceed) he appears to state a viable Section 1983 claim. In any event, this dismissal is without prejudice to the possibility that Clifton may later seek to proceed with his claim—if, that is, he can still satisfy the statutory precondition.[5]

---

**5.** Although the current dismissal moots Clifton's contemporaneously-filed Motion for Appointment of Counsel, he should be aware that if he were to try again it would be essential for him to complete the portion of that form that calls on him to identify whatever attempts he has made to retain counsel on his own.